UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FREDERICK J. BENSON, | ) | |
| | ) | |
| Petitioner, | ) | 3:05-cv-0464-PMP-VPC |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| MICHAEL BUDGE, *et. al.*, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | / | |

This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by petitioner Frederick J. Benson, who is represented by counsel. Before the Court is respondents' Motion to Amend Order and [second] Motion to Dismiss (ECF No. 36), petitioner's Response and Opposition to Motion to Dismiss (ECF No. 40), and respondents' Reply (ECF No. 41).

**I. Procedural History**

Petitioner was charged, in a second amended information, with conspiracy to commit robbery (count I), robbery with the use of a deadly weapon (count II), and murder with the use of a deadly weapon (count III) for offenses committed on February 21, 2000. Exhibit 16.[1] The state filed a notice of its intent to seek the death penalty. Exhibit 11. Petitioner signed a plea agreement whereby he entered into a guilty plea to only count III, first degree murder, and was to be sentenced to life in

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by petitioner in support of his first amended petition for writ of habeas corpus, and are located in the record at ECF No.15, 16, 17 and 18.

prison without the possibility of parole in order to avoid a potential death sentence or consecutive sentences for the deadly weapon enhancement and other counts. Exhibit 51. On April 30, 2002, the district court canvassed the petitioner with respect to the plea and accepted the plea. Exhibit 52.

Prior to sentencing petitioner moved to withdraw his plea. Exhibit 55. Petitioner asserted that his plea was involuntarily and unknowingly entered into and that trial counsel was ineffective for failing to advise him about his appellate rights. *Id.* Petitioner argued that had he known he was giving up his right to appeal the facts of his case, he would not have entered the plea. *Id.* A hearing was held on August 28, 2002, and the trial court denied the motion. Exhibits 59 and 60. The trial court sentenced petitioner to life in prison without the possibility of parole. Exhibit 67. A judgment of conviction was filed on October 11, 2002. Exhibit 68.

Petitioner appealed, arguing (1) that his plea was involuntarily entered and (2) that his plea was not freely, knowingly and voluntarily given due to ineffective assistance of counsel. Exhibits 71, 77. The Nevada Supreme Court affirmed the district court's denial of petitioner's motion to withdraw plea. Exhibit 80. The court noted that appellate counsel failed to provide the court with the transcript of the hearing on the motion. *Id.* at 2. The court found that the record as presented did not support the assertion that petitioner's plea was involuntary. *Id.* at 3. Moreover, the court stated that the ineffective assistance of counsel claim was without merit. *Id.* at 4. Remittitur issued on February 26, 2004. Exhibit 81.

Petitioner then filed a state habeas corpus petition, alleging eight claims for relief. Exhibit 84. The state district court denied the petition without holding an evidentiary hearing. Exhibit 90. Petitioner appealed, and the Nevada Supreme Court affirmed the lower court's denial. Exhibits 91 and 92. Remittitur issued on July 19, 2005. Exhibit 93.

The instant federal action was initiated on August 15, 2005. ECF No. 1. After appointing counsel (ECF No. 5), petitioner filed an amended petition for writ of habeas corpus. ECF No. 14. On respondents' first motion to dismiss, petitioner elected to return to state court to exhaust certain claims. ECF Nos. 29 - 32. Petitioner has returned to this Court and respondents now move to

dismiss on procedural default grounds. ECF No. 36. As noted above, this motion is fully briefed.

**II.    Motion to Amend Order**

Respondents ask the Court to reconsider its order requiring it to file an Answer to the petition including arguments on the merits as well as raising any procedural defenses that may apply. The motion is unopposed by petitioner. As the matter is currently ready for review on a procedural argument only, the Court will grant respondents' motion and allow the motion to dismiss to proceed as pleaded.

**III.   Motion to Dismiss**

Respondents argue that grounds 1(a), (b), (c), (d), (e), 2(b)(1), and ground 3(a), concerning the failure of counsel to submit affidavits to support the motion to withdraw petitioner's guilty plea, are procedurally defaulted because the state courts declined to entertain the merits of the claims finding them untimely, successive and subject to the rule of laches, pointing the Court to ECF No. 34, Exhibits 106 and 112.

By reviewing those documents, it becomes apparent that the state courts imposed the procedural bars articulated in Nevada Revised Statutes (NRS) §§ 34.726 (limitations), 34.800 (laches) and 34.810 (second or successive) and refused to consider the merits of the claims. *See id.*

    **A.    Procedural Default**

Generally, "a state prisoner's failure to comply with the state's procedural requirements in presenting his claims bar him or her from obtaining a writ of habeas corpus in federal court under the adequate and independent state ground doctrine." *Schneider v. McDaniel*, 674 F.3d 1144, 1152 (9th Cir.2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546 (1991)). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The *Coleman* Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims
> in state court pursuant to an independent and adequate state

1  procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

For the procedural default doctrine to apply, "a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default."  *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).  *See also Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996).

**B.   Discussion**

NRS §§ 34.726 and 34.810, the state law bases given for denying petitioner's claims, have been held to be independent and adequate state procedural rules that will bar federal review.  *See Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir. 2003); *Pellegrini v. State,* 117 Nev. 860, 34 P.3d 519 (2001);  *Bargas v. Burns*, 179 F.3d 1207 (9th Cir. 1999).  Thus, their application to the second state post-conviction petition was effective to procedurally default them in the state courts.

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice."  *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted).  Cause to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule.  *Coleman*, 501 U.S. at, 753; *Carrier*, 477 U.S. at 488.  The prejudice that is required as part of the showing of cause and prejudice to overcome a procedural default is "actual harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

<u>Grounds 2(b)(1) and 3(a)</u>

Petitioner argues that the state procedural default should not bar his federal claims because he can show cause and prejudice to excuse the default. He asserts that the denial of counsel in his first state post-conviction proceedings provides cause for his failure to raise the defaulted claims now presented in grounds 2(b)(1) and 3(a) concerning counsel's failure to file affidavits to support the motion to withdraw guilty plea. Petitioner relies on a new "equitable rule" recently established in *Martinez v. Ryan,* 132 S.Ct 1309 (2012).

Under the holding of *Martinez,* failure of a court to appoint counsel, or the ineffective assistance of counsel in a state post-conviction proceeding may establish cause to overcome a procedural default in specific, narrowly defined circumstances. Although reaffirming the general holding of *Coleman*, "that an attorney's *negligence* in a postconviction proceedings does not establish cause," in all *other* circumstances, the United States Supreme Court determined that a narrowly carved exception - an equitable rule- must be established. *Martinez,* 132 S.Ct. at 1320 (quoting *Coleman*, 501 U.S. at 753) (emphasis added).

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez,* 132 S.Ct. at 1320. The Court specifically determined that this new rule does not "extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial." *Id.*

To allow application of the *Martinez* rule, a reviewing court must determine (1) whether the petitioner's attorney in the first collateral proceeding, if counsel was appointed, was ineffective under *Strickland v. Washington*, 466 U.S. 668 687, 104 S.Ct. 2052 (1984), (2) whether the petitioner's claim of ineffective assistance of trial counsel is "substantial," and (3) whether there is prejudice. *Sexton v. Cozner,* 679 F.3d 1150, 1159 (9th Cir. 2012), citing *Martinez,* 132 S.Ct. at 1321.

Thus, according to the process outlined by the Ninth Circuit, in order to overcome the procedural bar to an ineffective assistance of trial counsel claim using *Martinez*, petitioner

> must show that trial counsel was . . .ineffective, and that PCR [post conviction review] counsel's failure to raise trial counsel's ineffectiveness in the PCR proceeding fell below an objective standard of reasonableness. If trial counsel was not ineffective, then [the petitioner] would not be able to show that PCR counsel's failure to raise claims of ineffective assistance of trial counsel was such a serious error that PCR counsel "was not functioning as the 'counsel' guaranteed" by the Sixth Amendment.

*Sexton,* 679 F.3d at 1159 (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052). Where no counsel was appointed on post-conviction review, cause is assumed and petitioner must demonstrate that his underlying ineffective assistance of trial counsel claim is substantial. *Martinez,* 132 S. Ct. at 1318-19. Applying this framework, our discussion begins.

Petitioner's defaulted claims which may be saved by *Martinez* are that "trial counsel was ineffective when he failed to communicate with petitioner (ground 2(b)(1)) and appellate counsel was ineffective when she undermined petitioner's desire to proceed to trial by failing to properly prepare for the appeal by preparing affidavits for the motion to withdraw guilty plea (ground 3(a)). Respondents have a different view, arguing that ground 3(a) cannot be saved by *Martinez*. However, they fail to support this argument with specific legal authority in any way.[2]  Ground 3(a) is appropriate for discussion under *Martinez* because the first time such a claim could be made was in a collateral proceeding where, in this instance, petitioner was denied counsel. Exhibits 86, 89 and 90.

      a.    Cause

Petitioner argues he is entitled to have this Court review the merits of his claims because he was denied the effective assistance of counsel in his initial post-conviction proceedings. He notes that Nevada law requires claims of ineffective assistance of trial (and appellate) counsel be initially

---

[2] Although fairly accurate representations as to the meaning and boundaries of *Martinez* are offered, respondents fail utterly to provide any pin cites to that case, with one exception. This failure to provide adequate legal support for the arguments presented has become chronic in the case of this particular respondents' representative.

6

raised, and because only after he was appointed counsel in these federal proceedings was he able to investigate and develop the facts of his claims.

The Nevada Supreme Court has repeatedly held that claims alleging ineffective assistance of counsel, trial or appellate, may not be raised on direct appeal. *See Nika v. State,* 120 Nev. 600, 606-07, 97 P.3d 1140, 1144-45 (2004)(finding that the potential for a conflict of interest to arise if ineffective assistance of trial counsel were permitted on direct appeal makes such claims impractical); *Feazell v. State,* 111 Nev. 1446, 1449, 906 P.2d 727, 729 (1995)(claims of ineffective assistance of counsel must be raised at post-conviction). The only exception to this rule is if there has been an evidentiary hearing conducted by the trial court on allegations of ineffective counsel. *See Mazzan v. State,* 100 Nev. 74, 79-80, 675 P.2d 409, 413 (1984); *Feazell,* 111 Nev. at 1449; 906 P.2d at 729.

Because petitioner had no counsel in his first post-conviction proceedings and the state law prohibited petitioner from raising his claims on direct appeal while he was represented by counsel, he has shown cause for his delay. The Court next examines the underlying claims to determine if they are "substantial" and provide the necessary prejudice to overcome the bar as to each of these two claims.

    b.  Prejudice

To determine the prejudice derived to petitioner because he did not have counsel on post-conviction who could properly raise develop the facts of his claims and raise them effectively, the question must be answered: Are the procedurally defaulted claims "substantial?" *Martinez,* 132 S.Ct. at 1321. The Court in *Martinez* cited to *Miller-el v. Cockrell*, 537 U.S. 322, 123 S.Ct. 102, (2003) for its standard requiring the petitioner to make a substantial showing of the denial of a constitutional right, suggesting that this standard is appropriate in deciding if a claim would satisfy the prejudice prong for overcoming a procedural default. *Id* at 1319. Under *Miller-el,* a petitioner need not show that he will prevail on the merits. *Id.* at 337*, citing Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983) (a showing that "a court could resolve the issue [differently] or that the questions are

adequate to deserve encouragement to proceed further" is sufficient to meet the substantial showing required for appellate review) *see also Slack v. McDaniel,* ("The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." )529 U.S. 473, 484, 120 S.Ct. 1595 (2000).  Thus, this Court must determine if petitioner made a substantial showing of the denial of a constitutional right in his post-conviction proceedings on the allegations that:

> Ground 2(b)(1), trial counsel was ineffective where counsel failed to investigate the facts of the case and mitigating factors relevant to sentencing.
>
> Ground 3: appellate counsel was ineffective for failing to properly prepare affidavits for the motion to withdraw guilty plea in anticipation of preserving the record for appeal.

According to the petition and the record provided in support of the First Amended Petition (ECF Nos. 14 and 15-19), petitioner had made incriminating statements to police, waived his preliminary hearing on advice of counsel, and was facing the death penalty on charges of conspiracy to commit robbery and first degree murder with the use of a deadly weapon.  Petitioner was represented by a Clark County public defender, who, despite petitioner's desire to plead not guilty, advised the prosecution that petitioner would plead guilty in exchange for a stipulated sentence of life without parole.  First Amended Petition (Am. Pet.), pp. 3-4.  Thereafter, alleging that counsel failed to communicate with him and failed to investigate the case in order to suppress petitioner's statements and mitigate or reduce his sentence, petitioner sought removal of his counsel. *Id.*, Exhibit 12.  Petitioner also cited a conflict of interest based on counsel's "personal abhorrence to the death penalty," which, he alleged, influenced counsel's willingness to go to trial for fear of a conviction and sentence of death.  Exhibit 12, p. 5.

Later, after a conversation with his counsel, which convinced petitioner that counsel would "take his case to heart," petitioner withdrew his motion for new counsel and pled not guilty to the charges. Exhibits 15 and 17.  Petitioner's motion for reinstatement of his preliminary hearing was "implicitly denied" with trial setting.  Am. Pet., p. 4.  Several months later, petitioner again felt his

8

counsel was "unresponsive to his case," failed to contact petitioner or adequately investigate the case and he again sought appointment of new counsel. Exhibit 17. While the motion was denied by the court, the public defender's office removed the attorney from the case and assigned two different public defenders. Am. Pet., p. 5.

When counsel did not win suppression of petitioner's incriminating statements, they advised petitioner that his chances of winning at trial were small and encouraged him to plead guilty. Petitioner declined. *See* Exhibit 63. That same day, petitioner was escorted into a court hearing where he observed his attorneys conferring with his father, who was "aggrieved" to learn of the lost motion to suppress and his son's small chances of success at trial. Petitioner's father then "passionate[ly]" begged petitioner to plea guilty. Exhibit 94. Under these circumstances, petitioner signed the plea agreement. *Id.*

During the court's canvass of petitioner's plea, the state, without notice, asked the court to require petitioner to admit the truth of his statements to police - the statements he had previously sought to suppress. Exhibit 50. Defense counsel did not object to or offer petitioner any advice regarding this additional term to the plea agreement. Petitioner, believing he was required to do so, then admitted that the statements made during interrogation by police were true and the court accepted his plea. *Id.*

Less than a week later, petitioner told his attorneys that he wanted to withdraw his guilty plea. Exhibit 62. It was more than six weeks later when counsel conveyed this information to the court. Exhibit 53. The court appointed separate counsel, Betsy Allen, to confer with and advise petitioner regarding his desire to withdraw the plea. On July 31, 2002, the motion to withdraw guilty plea was filed. Exhibit 55. The motion alleged petitioner had received ineffective assistance of counsel in relation to the guilty plea, because he was misinformed that he could appeal his conviction. *Id.* Petitioner averred that if he had had the correct information–that he could not appeal his conviction–he would not have entered the plea. *Id.* A hearing on the motion was conducted on August 28, 2002, and it was denied. Exhibits 59 and 60. Petitioner then sought to have Ms. Allen

appointed to replace his public defenders and filed a proper person petition for writ of mandate. Exhibit 62. This petition alleged that petitioner had advised his counsel of his desire to withdraw the guilty plea immediately after it was entered because he misunderstood the negotiations and did not understand he was waiving his right to a direct appeal. Petitioner asserted that he had questioned his attorneys about the meaning of the plea agreement, but received inadequate clarification on the terms, particularly given his eighth grade education.[3] *Id.*

After sentencing, petitioner filed a timely notice of appeal and Ms. Allen raised two grounds for relief:

1. Appellant's plea was not entered into knowingly, intelligently or voluntarily.

2. Petitioner failed to receive effective assistance of counsel such that his guilty plea was not freely, knowingly and voluntarily given.

Exhibit 77.

In its order of affirmance, the Nevada Supreme Court chastised counsel because she "failed to provide [this] court with a transcript of the hearing conducted on the motion to withdraw guilty plea...." and noting that the record "does not disclose what occurred at the hearing, whether appellant's former counsel were called to testify, whether any other evidence was presented, or why the district court denied the motion." Exhibit 80, p. 2. Thereafter, petitioner pursued a full round of post-conviction review without the assistance of counsel and without an evidentiary hearing. Relief was denied by both the trial and appellate courts. Exhibits 90 and 92.

Given this background and looking at the claims as presented in his amended petition, the Court considers whether petitioner's allegations in ground 2(b)(1), that he received ineffective assistance of counsel where counsel failed to investigate the facts of the case and mitigating factors relevant to sentencing, (ECF No. 14, pp. 18-20) makes a substantial showing of a constitutional

---

[3] The plea agreement, a complex, 14-page document, indicated that petitioner was waiving his "right to appeal the conviction, with the assistance of an attorney, either appointed or retained, unless the appeal is based upon reasonable constitutional jurisdictional or other grounds that challenge the legality of the proceedings and except as otherwise provided in subsection 3 of NRS 174.035." Ex. 51, p. 9.

1  violation.

2  Counsel has "a duty to make reasonable investigations or to make a reasonable decision that
3  makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691. More specifically, "a
4  particular decision not to investigate must be directly assessed for reasonableness in all the
5  circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* Here, counsel is
6  alleged to have been more interested in conforming to his own moral code to avoid the death penalty
7  than he was in investigating his client's case in order to prepare a defense and discover mitigating
8  evidence, should a conviction be unavoidable.

9  The Court finds that ground 2(b)(1) provides adequate information about what investigation
10 was lacking and how counsel failed in his responsibilities in that regard, including being unprepared
11 to argue a motion in limine, failing to object to the state's withholding audio/video recordings of
12 interrogations and failing to investigate whether the interrogation was coercive or whether petitioner
13 was under the influence of drugs or alcohol during the interrogation to overcome respondents'
14 objection that the claim is bald or conclusory. Moreover, the allegations raise a substantial issue as
15 to counsels' performance as an advocate and representative of their client's interests and rights. The
16 Court finds that the underlying claim of ineffective assistance of trial counsel is substantial and
17 sufficiently detailed to establish the requisite prejudice to overcome the procedural bar.

18 Ground 3(a), as it relates to counsel's failing to submit affidavits in support of the motion to
19 withdraw plea, may also overcome the procedural bar, if the claim makes a substantial showing of a
20 constitutional error. *Miller-El,* 537 U.S. at 337, 123 S.Ct. at 1040.

21 This subpart claims that Ms. Allen, acting as trial counsel, failed to perform adequately to
22 protect petitioner's rights because she failed to properly prepare for and handle the motion to
23 withdraw guilty plea, specifically, that she failed to prepare and file affidavits in support of the
24 motion. Petitioner points to the trial court's statements during the hearing, where it noted that
25 counsel could have obtained affidavits to support the motion, but in their absence, the written plea
26 agreement was the strongest evidence of petitioner's willingness to plead guilty. *See* Exhibit 60.

1    The Nevada Supreme Court concluded that the record on appeal was incomplete and
2 inadequate to show why the trial court denied the motion to withdraw the guilty plea.  Exhibit 92.
3 Given that counsel could have  submitted affidavits in rebuttal of the signed plea agreement at the
4 trial court hearing, and that such affidavits, along with a transcript of the hearing itself, would have
5 provided the appellate court with actual evidence to consider, rather than empty arguments,  there is
6 a good likelihood that the outcome of the hearing and even the appeal would have had a different
7 outcome.  Thus, petitioner has shown that he was prejudiced by trial counsel's performance during
8 the hearing and, as a result, on appeal from its denial.  Ground 3 makes a substantial claim of
9 ineffective assistance of counsel and it may proceed beyond the procedural bar imposed by the state
10 courts.

Denied Due Process as Cause

12    Next, petitioner claims cause to overcome the procedural default of ground 1 and its subparts
13 on the basis that he was denied due process during his state post-conviction proceedings when he
14 was denied notice of intended judicial action and an adequate opportunity to be heard before the
15 judicial action was taken, citing *e.g. Boddie v. Connecticut,* 401 U.S. 371, 377 (1971); *Grannia v.*
16 *Ordean,* 234 U.S. 385, 394 (1914); and comparing *Browning v. Dixon,* 114 Nev. 213, 954 P.2d 741,
17 743 (1998).  Specifically, petitioner claims that he was not permitted to be present at the February 9,
18 2005, hearing on his post-conviction petition, that the court then erroneously concluded that the
19 Nevada Supreme Court had ruled on petitioner's ineffective assistance of counsel claims and that it
20 then  improperly expanded the record without the required evidentiary hearing.  Petitioner references
21 exhibit 97, p. 119.

22    Respondents oppose this argument asserting that the argument attempts to "manufacture a
23 non-existent default-forgiveness rule."  They note that petitioner does not argue the independence or
24 sufficiency of the default rules applied to bar the claims and offers nothing to explain the delay in
25 filing the untimely and successive petition.

26    Petitioner cannot overcome the procedural bar to ground 1.  As respondents note, both the

1  Nevada statutes (NRS 34.770) and the Rules Governing Section 2254 Cases, Rule 4, provide for
2  summary dismissal of a habeas petition without hearing or personal presence.  Thus, he had no due
3  process right to be present at the hearing wherein the state court determined his petition should be
4  denied.  Moreover, if petitioner believed he had a right to such a hearing, he should have, and could
5  have sought relief on that point well before the four years that passed between his state post-
6  conviction actions.  Petitioner cannot demonstrate an impediment external to the defense which
7  hindered his ability to bring his claim.  It shall be dismissed with prejudice.

## IV.    Conclusion

Given that petitioner was not afforded counsel at the first post-conviction proceeding, he has shown cause to overcome the procedural bar as to grounds 2(a)(1) and 3(a).  A review of the underlying claims of ineffective assistance of counsel convince the Court that they raise substantial issues deserving of further review.  Respondents shall be directed to answer these claims.  However, petitioner's arguments for cause and prejudice based on a denial of due process in his post-conviction proceedings is not persuasive and is inadequate to bring the remaining claims further. Ground 1 shall be dismissed.

**IT IS THEREFORE ORDERED** that respondents' motion to reconsider the Court's Order directing an answer (ECF No. 36) is **GRANTED.**

**IT IS FURTHER ORDERED** that respondents' [second] motion to dismiss (ECF No. 37) is **GRANTED IN PART AND DENIED IN PART**.  The Court finds that petitioner has shown cause and prejudice to overcome the procedural bar to grounds 2(b)(1) and 3(a).

**IT IS FURTHER ORDERED** that grounds 1(a), (b), (c), (d) and (e) are **DISMISSED WITH PREJUDICE** as procedurally barred. Respondents shall file their Answer to the exhausted and not procedurally barred grounds for relief (grounds 2 and 3 of the Amended Petition) within 45

1 | days of entry of this Order.  Thereafter, petitioner shall have 45 days to file his reply.
2 | Dated this 7th day of February, 2013.

_____
UNITED STATES DISTRICT JUDGE